## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

EUGENE M. BENTLEY III,

    Defendant.

Civil Action No. 09–1734 (CKK)

## MEMORANDUM OPINION
(December 2, 2010)

Plaintiff United States of America filed a Complaint in this case against Defendant

Eugene M. Bentley III ("Bentley") on September 11, 2009, alleging that Bentley failed to

withhold, truthfully account for, and pay federal income, social security, and Medicare taxes to

the Internal Revenue Service.  Compl., Docket No. [1], ¶ 7.  Although properly and timely

served with the Complaint and Summons, Bentley failed to respond to the Complaint, and the

Clerk of the Court, upon the United States' motion and filing of an affidavit of process service,

entered default against Bentley on February 22, 2010.  *See* Clerk's Entry of Default, Docket No.

[7].  Currently before the Court is the United States' [10] Motion for Entry of Default Judgment

("Pl.'s Mot.").  After considering the United States' submissions, the attachments thereto,

applicable case law, statutory authority, and the record of the case as a whole, the Court shall

GRANT the United States' [10] Motion for Entry of Default Judgment.

## I.  BACKGROUND

The United States alleges that Bentley was required to withhold, truthfully account for,

and pay federal income, social security, and Medicare taxes (collectively, "employment taxes")

to the Internal Revenue Service from the wages of Advanced Engineering, PC's employees. Compl. ¶ 7. The United States avers that Bentley failed to do so during the fourth quarter of 1993 through the third quarter of 1994, the second and third quarters of 1995, the fourth quarter of 1996, the second and third quarters of 1997, and the third and fourth quarters of 1998. *Id.* ¶ 8. As a result, on November 4, 1996, pursuant to 26 U.S.C. § 6672, the Internal Revenue Service assessed Bentley a penalty of $363,910.43 for willfully failing to collect, truthfully account for, and pay over employment taxes to the Internal Revenue Service for periods ending September 30, 1995. *Id.* ¶ 9. On April 21, 2000, the Internal Revenue Service again assessed Bentley a penalty under 26 U.S.C. § 6672 for willfully failing to collect, truthfully account for, and pay over employment taxes. *Id.* ¶ 10. This time, however, the penalty was for periods ending December 31, 1998, and totaled $231,726.72. *Id.* According to the United States, Bentley received notices and demands for payment of the aforementioned assessments in accordance with 26 U.S.C. § 6303. *Id.* ¶ 11. As of the filing of the pending motion, Bentley had failed to pay the assessments. *Id.* ¶ 13.

In support of its motion for default judgment, the United States relied upon two declarations. First, the United States provided the declaration of Velda M. Scye, a supervisory revenue officer with the Collection Advisory, Insolvency & Quality Branch of the Internal Revenue Service's Small Business/Self-Employed Division. Pl.'s Mot., Ex. 1 (Declaration of Velda M. Scye ("Scye Decl.")) ¶¶ 1, 3. Ms. Scye attests to being familiar with the Internal Revenue Service's records, and specifically the system used to calculated Bentley's unpaid balance and interest on his assessments. *See id.* ¶¶ 2-3. According to Ms. Scye, the Internal Revenue Service's records indicate that, as of June 21, 2010, Bentley is indebted to the United States for the sum of $1,273.181.39—$848,240.22 and $424,941.17 for the first and second

assessments, respectively. *Id.* ¶ 3. Second, the United States included the declaration of Mary E. Bitting, a paralegal specialist with the Tax Division of the U.S. Department of Justice. Pl.'s Mot., Ex. 2 (Declaration of Mary E. Bitting ("Bitting Decl.")) ¶ 1. Ms. Bitting states that based on her research, Bentley "is not an infant or incompetent person," *id.* ¶ 5, and he "is not in the military service of the United States, nor has he been detailed to any military service with any branch of the armed forces the United States," for purposes of the Servicemembers Civil Relief Act, *id.* ¶ 3.

Bentley was served with the Complaint and Summons on December 15, 2009, and was therefore required to respond by January 5, 2010. *See* Return of Service/Aff., Docket No. [5]. Bentley failed to file an answer or otherwise respond to the Complaint, and the United States requested entry of default on January 28, 2010. *See* Pl.'s Req. to Enter Default, Docket No. [6]. On February 22, 2010, the Clerk of the Court entered default against Bentley. *See* Clerk's Entry of Default, Docket No. [7]. The United States subsequently filed the instant Motion for Entry of Default Judgment on June 17, 2010. As of the date of this Memorandum Opinion and Order, Bentley has not entered an appearance nor filed any pleadings in this case.

## II. LEGAL STANDARD AND DISCUSSION

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After a default has been entered by the clerk of the court, a court may enter a default judgment pursuant to Rule 55(b). Fed. R. Civ. P. 55(b). "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C.

2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).  Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (internal citation omitted).  "Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *Id.* (citing *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)).  "[T]he court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.* (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

Where, as in this case, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Auxier Drywall, LLC*, 531 F. Supp. 2d at 57 (internal quotation marks omitted).  The Clerk of the Court entered Bentley's default, and therefore the factual allegations in the Complaint are taken as true.  *See R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30.  The Court finds that the United States' Complaint sufficiently alleges facts to support its claim that Bentley is liable for unpaid employment taxes.

In regard to the sum to be awarded, the Court concludes that the United States has produced competent evidence in the form of Ms. Scye's declaration that, as of June 21, 2010, Bentley is indebted to the United States for a total of $1,273.181.39, plus statutory interest.  *See* Scye Decl. ¶ 3.  Ms. Bitting's declaration confirms that this Court need not defer entering default judgment against Bentley for this debt on account of his military status, infancy, or incompetency.  Bitting Decl. ¶¶ 3, 5.  Accordingly, the Court shall enter default judgment against Bentley for the amount of $1,273.181.39, plus statutory interest accruing until the date of

4

payment.  *See* 28 U.S.C. § 1961(c)(1); 26 U.S.C. § 6621.

### III.  CONCLUSION

For the foregoing reasons, the Court finds that the United States has met all necessary preconditions to obtain a default judgment against Bentley and that a default judgment is appropriate on this record.  The Court shall therefore GRANT the United States' [10] Motion for Entry of Default Judgment.  An appropriate Order accompanies this Memorandum Opinion.

Date: December 2, 2010.

_____
                /s/
**COLLEEN KOLLAR-KOTELLY**
United States District Judge